IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **RICHARD W. HILDEBRANDT,** | ) |
| **Plaintiff,** | ) |
| v. | ) Case No. 18-CV-3130 |
| **PREMIUM TRANSPORTATION GROUP, INC., TAYLOR MADE EXPRESS, INC., and DIVERSIFIED RESOURCE MANAGEMENT, INC. (jointly and severally),** | ) The Honorable John Robert Blakey |
| **Defendants.** | ) |

## AMENDED COMPLAINT

NOW COMES Plaintiff, **RICHARD W. HILDEBRANDT ("Plaintiff")**, by and through his attorney, Michael T. Smith & Associates, P.C., and in complaining of the defendants, **PREMIUM TRANSPORTATION GROUP, INC.** ("PTG"), **TAYLOR MADE EXPRESS, INC.** ("TME"), and **DIVERSIFIED RESOURCE MANAGEMENT, INC.** ("DRM", collectively "Defendants"), states as follows:

### JURISDICTION AND VENUE

1. Plaintiff brings this action for under the Americans with Disabilities Act, 42 U.S.C. 12101 et seq. ("ADA"), for Defendants discriminating against him on the basis of his disability, failing to provide him with reasonable disability accommodations, and retaliating against him for retaliating against him for requesting accommodations; and under Illinois common law for terminating Plaintiff in retaliation for exercising his rights under the Illinois Workers' Compensation Act ("IWCA").

2. Jurisdiction of this action is conferred upon the Court by 42 U.S.C. 12117(a) and 28 U.S.C. §§ 1331, 1343. This Court has supplemental jurisdiction over Plaintiff's Illinois

Common Law Retaliatory Discharge claim pursuant to 28 U.S.C. §§ 1332 and 1367.

3. Venue for this action is proper in the United States District Court for the Northern District of Illinois, Eastern Division, under 28 U.S.C. § 1391(b)(1)-(2) and (d) because the employment practices hereafter alleged to be unlawful were committed in the Northern District of Illinois and because Defendant's contacts are sufficient to subject it to personal jurisdiction in that district.

## PARTIES

4. Plaintiff is former employee (truck driver) of Defendants and a resident of Waucanda in Lake County, Illinois.

5. PTG is a foreign corporation doing business in Illinois and organized under the laws of the State of Ohio.

6. On its website, PTG proclaims itself to be "highly specialized experts in driver and logistics staffing with nearly three decades of experience in the staffing industry" that has "7,500 employees in over 40 states".

7. Plaintiff currently has an Illinois workers' compensation claim pending against PTG relating to his employment with Defendants. PTG employees have been corresponding with Plaintiff's workers' compensation attorney regarding that claim and have not alleged that Plaintiff is not employed by PTG.

8. DRM is a foreign corporation doing business in Illinois and organized under the laws of the State of Ohio.

9. DRM does the "payroll" for PTG employees that are "leased" or "assigned" to other companies. Plaintiff's W-2's list DRM as the employer.

10. DRM permanently assigned Plaintiff to work at TME.

11. TME is a foreign corporation doing business in Illinois and organized under the

laws of the State of Wisconsin.

12. All of Plaintiff's supervisors and other individuals who had human resources responsibilities over him, such as Mike Salas and Luann Doyle, hold themselves out to be employed by TME in email signatures and are listed as individuals with positions on TME's website.

13. At all times relevant to the allegations herein, all Defendants were an "employer" as that term is defined under the Americans with Disabilities Act, 42 U.S.C. § 12111(5).

14. At all times relevant to the allegations herein, Plaintiff was an "employee" as that term is defined under the Americans with Disabilities Act, 42 U.S.C. § 12111(4).

15. Plaintiff filed charges against Defendant with the Equal Employment Opportunity Commission (Charge 443-2017-01211 attached as "Exhibit A"; Charge 440-2017-04160 attached as "Exhibit C") and thereafter was sent notices of his right to sue (attached hereto as "Exhibit B", "Exhibit D") in relation to those charges. Thereafter, Plaintiff timely filed a complaint in the United States District Court for the Northern District of Illinois.

## FACTUAL ALLEGATIONS

16. Plaintiff has been diagnosed with a heart condition requiring coronary by-pass surgery in April of 2014. In February of 2017, Plaintiff injured himself requiring surgery in his knee and shoulder. These conditions substantially limit one of more of Plaintiff's daily life activities.

17. Plaintiff was hired by TME Vice President Mike Salas in September of 2014, shortly after recovering from his heart surgery.

18. At the time of his hire, Plaintiff discussed with Mr. Salas his heart condition and recent surgery and advised that he could not work extremely long hours. Mr. Salas assured Plaintiff that he would, at most, have to work from 6 AM to 6 PM.

19. Thereafter, Plaintiff was repeatedly forced to work more than 12 hours and Plaintiff repeatedly complained to TME supervisors/dispatchers/managers and requested that he not work more than 12 hours because of his heart condition.

20. Plaintiff provided a doctor's note from his cardiologist, dated September 23, 2016, to TME dispatcher Kristi Medoc stating that he was restricted from working more than 12 hours.

21. TME Safety Director Luann Doyle also verbally confirmed over the phone to Plaintiff that she received the doctor's note.

22. Thereafter, Plaintiff was repeatedly forced to work more than 12 hours causing him severe mental and physical stress and Plaintiff repeatedly complained about the same.

23. On Feb. 13, 2017, TME dispatcher forced Plaintiff to work 16 1/2 hours, (1/2 hour over DOT rules). The last stop on this run was closed and because Plaintiff was not able to deliver the final load, he had to disconnect from the trailer so another driver could pick it up in the morning.

24. As Plaintiff was dropping the trailer, he stepped on a large rock behind the trailer, injuring his right knee and left shoulder requiring two surgeries. Plaintiff alleges that his injuries were due to mental and physical stress and fatigue caused by Defendant's failure to grant his requests for accommodation.

25. Plaintiff exercised his rights under the IWCA in relation to those injuries.

26. From February 13, 2017, through around September 1, 2017, Plaintiff could not work due to his injuries and to recover from his first (of two) surgeries.

27. Before returning to work, Plaintiff requested additional accommodations in the form of work restrictions provided by his orthopedic surgeon.

28. Plaintiff returned to work on or around September 1, 2017, but Defendant provided Plaintiff with light duty assignments that did not abide by his doctor's restrictions.

29. On one day sometime between late September and early October, after Plaintiff complained that his work assignment was not abiding by his doctor's restrictions, he was told to go home by TME personnel because Defendants could not accommodate his restrictions.

30. Attorneys representing Defendants (although it is unclear exactly which of the Defendants) sent a letter dated October 16, 2017, to Plaintiff's workers' compensation attorneys advising that Plaintiff had been terminated.

31. Plaintiff had his second surgery in October of 2017. After Plaintiff was released to return to work without restrictions by his doctor, he emailed TME Safety Director Luann Doyle for good measure on March 22, 2018, to advise that he had been released to return to work without restrictions and asked what he needs to do to return to work. Defendants never returned Plaintiff's email.

## COUNT I
## (ADA DISCRIMINATION)

32. Plaintiff re-alleges paragraphs 1 through 31 and incorporates them as if fully set forth herein.

33. Title I of the Americans With Disabilities Act makes it unlawful for an employer to discriminate against an employee on the basis of his or her disability, because of a record of disability, or because the employer regards the employee as suffering from a disability.

34. Defendants were aware of Plaintiff's disabilities.

35. By its conduct as alleged herein, Defendants discriminated against Plaintiff on the basis of his disability when they terminated him from employment.

36. Defendants' conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible disability discrimination.

**PRAYER FOR RELIEF AS TO COUNT I**

WHEREFORE, the Plaintiff prays that the court order such relief as is necessary to make the plaintiff whole, including:

a.  Injunctive relief;

b.  Lost wages and other economic damages;

c.  Compensatory damages for pain and suffering;

d.  Punitive damages;

e.  Attorneys' fees and costs incurred in this action;

f.  Such other relief as is just and equitable;

g.  The plaintiff requests a jury trial of this action.

**COUNT II**
**(ADA - FAILURE TO ACCOMMODATE)**

37. Plaintiff realleges allegations 1-31 above with the same force and effect as if more fully set forth herein.

38. Plaintiff is a qualified individual with a disability in that he could perform the essential functions of his job with/without an accommodation.

39. The ADA requires employers to make reasonable disability accommodations to qualified individuals with a disability that do not create an undue hardship for the employer.

40. Plaintiff requested accommodations as outlined above.

41. Defendants denied Plaintiff's requests for accommodations without cause or justification and failed to engage him in an interactive process to determine what, if any, alternative accommodation could be provided to him.

42. As a result of Defendants' actions, Plaintiff has suffered aggravation of his medical condition and had to endure considerable pain, suffering, anxiety, and emotional

distress, as well as other economic damages.

43. Defendants' conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's rights.

### PRAYER FOR RELIEF AS TO COUNT II

WHEREFORE, the Plaintiff prays that the court order such relief as is necessary to make the plaintiff whole, including:

   a. Injunctive relief;

   b. Lost wages and/or other economic damages;

   c. Compensatory damages for pain and suffering;

   d. Punitive damages;

   e. Attorneys' fees and costs incurred in this action;

   f. Such other relief as is just and equitable;

   g. The plaintiff requests a jury trial of this action.

### COUNT III
### (ADA - RETALIATION)

44. Plaintiff realleges allegations 1-31 above with the same force and effect as if more fully set forth herein.

45. Plaintiff is a qualified individual with a disability in that he could perform the essential functions of his job with/without an accommodation.

46. The ADA protects individuals from retaliation for asserting their rights under the ADA or complaining of disability discrimination.

47. Plaintiff engaged in protected activity when he repeatedly requested the disability accommodations outlined above and repeatedly complained that they were not being granted.

48. By its conduct as alleged herein, Defendants retaliated against Plaintiff for having

requested ADA accommodations when they terminated his employment.

49. Defendants' conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible retaliation.

### PRAYER FOR RELIEF AS TO COUNT III

WHEREFORE, the Plaintiff prays that the court order such relief as is necessary to make the plaintiff whole, including:

a. Injunctive relief;

b. Lost wages and/or other economic damages;

c. Compensatory damages for pain and suffering (if available);

d. Punitive or liquidated damages (if available);

e. Attorneys' fees and costs incurred in this action;

f. Such other relief as is just and equitable;

g. The plaintiff requests a jury trial of this action.

### COUNT IV
### (ILLINOIS COMMON LAW RETALIATORY DISCHARGE)

50. Plaintiff pleads this count in the alternative.

51. Plaintiff realleges allegations 1-12, 17, 23-26, and 28-31 with the same force and effect as if more fully set forth herein.

52. The Illinois Supreme Court recognized a limited exception to the at-will employment rule in *Kelsay v. Motorola, Inc.*, 74 Ill. 2d 172 (1978), when it determined that a plaintiff who was terminated for pursuing compensation under the Workers' Compensation Act (the "WCA"), 820 ILCS 305/1 *et seq.*, could bring an action for retaliatory discharge against the former employer.

53. By the conduct alleged herein, Defendants retaliated against Plaintiff for

exercising his rights under the IWCA by terminating his employment and not allowing him to return to work.

54. Defendants' conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible retaliation.

## PRAYER FOR RELIEF AS TO COUNT IV

WHEREFORE, the Plaintiff prays that the court order such relief as is necessary to make the plaintiff whole, including:

    a. Injunctive relief;

    b. Lost wages and/or other economic damages;

    c. Compensatory damages;

    d. Punitive damages;

    e. Such other relief as is just and equitable;

    f. The plaintiff requests a jury trial of this action.

**RICHARD W. HILDEBRANDT**

BY:/s/ Michael T. Smith
Michael T. Smith
Trial Attorney

Michael T. Smith 6180407IL
10 N. Martingale Road
Suite 400
Schaumburg, Illinois 60183
(847) 466-1099

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **RICHARD W. HILDEBRANDT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 18-CV-3130** |
| ) | **The Honorable John Robert Blakey** |
| **PREMIUM TRANSPORTATION** ) | |
| **GROUP, INC., TAYLOR MADE** ) | |
| **EXPRESS, INC., and DIVERSIFIED** ) | |
| **RESOURCE MANAGEMENT, INC.** ) | |
| ) | |
| **Defendants.** ) | |

**<u>AMENDED COMPLAINT</u>**

# EXHIBIT A

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA <br> ☒ EEOC | AMENDED <br> 443-2017-01211 |

and EEOC

State or local Agency, if any

**NAME** (Indicate Mr., Ms., Mrs.)
Mr. Richard W. Hildebrandt

**HOME TELEPHONE** (Include Area Code)

**STREET ADDRESS**  **CITY, STATE AND ZIP CODE**  **DATE OF BIRTH**

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME <br> Premium Transportation | NUMBER OF EMPLOYEES, MEMBERS <br> 500+ | TELEPHONE (Include Area Code) <br> (765) 966-6366 |
|---|---|---|
| STREET ADDRESS  CITY, STATE AND ZIP CODE <br> 615 Commerce Road, Richmond, Indiana 47374 | | COUNTY <br> Wayne |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| STREET ADDRESS  CITY, STATE AND ZIP CODE | COUNTY |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ AGE
☒ RETALIATION ☐ NATIONAL ORIGIN ☒ DISABILITY ☒ OTHER (Specify) Hostile Environment

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA): 2/13/2017   LATEST (ALL): 10/4/2017

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired by the Respondent in September of 2014. My most recent position was a Driver. I have requested an accommodation based on my disability (heart condition) and the respondent has refused to grant that accommodation and forced me to drive in access of the Doctor's request. I have also been retaliated against because of my requests for an accommodation, and I was terminated on October 4, 2017.

I believe that I have been discriminated and retaliated against in violation of the Americans with Disabilities Act of 1980 as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

Date 10-17-17  Charging Party (Signature)

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month, and year)

EEOC FORM 5 (Test 10/94)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **RICHARD W. HILDEBRANDT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 18-CV-3130** |
| ) | **The Honorable John Robert Blakey** |
| **PREMIUM TRANSPORTATION** ) | |
| **GROUP, INC., TAYLOR MADE** ) | |
| **EXPRESS, INC., and DIVERSIFIED** ) | |
| **RESOURCE MANAGEMENT, INC.** ) | |
| ) | |
| **Defendants.** ) | |

**<u>AMENDED COMPLAINT</u>**

# EXHIBIT B

EEOC Form 161 (11/16)      **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Richard W. Hildebrandt | From: | Milwaukee Area Office<br>310 West Wisconsin Ave<br>Suite 500<br>Milwaukee, WI 53203 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 443-2017-01211 | Drake C. Van Thiel,<br>Investigator | (414) 297-1121 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*(signature)*

JAN 3 1 2018

Enclosures(s)     Julianne Bowman,<br>District Director     (Date Mailed)

cc:
JOHN WILLETT
VICE PRESIDENT
Premium Transportation Staffing
615 Commerce Rd
Richmond, IN 47374

Michael T. Smith
LAW OFFICES OF MICHAEL T. SMITH &
ASSOCIATES
10 N. Martingale Road, Suite 400
Schaumburg, IL 60173

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **RICHARD W. HILDEBRANDT,** )<br>)<br>    **Plaintiff,** )<br>)<br>**v.** )<br>)<br>**PREMIUM TRANSPORTATION** )<br>**GROUP, INC., TAYLOR MADE** )<br>**EXPRESS, INC., and DIVERSIFIED** )<br>**RESOURCE MANAGEMENT, INC.** )<br>)<br>    **Defendants.** ) | **Case No. 18-CV-3130**<br>**The Honorable John Robert Blakey** |

**AMENDED COMPLAINT**

# EXHIBIT C

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| [ ] FEPA | AMENDED |
| [X] EEOC | 443-2017-01279 |

and EEOC

State or local Agency, if any

**NAME** (Indicate Mr., Ms., Mrs.)
Mr. Richard W. Hildebrandt

**HOME TELEPHONE** (Include Area Code)

**STREET ADDRESS** — **CITY, STATE AND ZIP CODE** — **DATE OF BIRTH**

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

**NAME**: Taylor Made Express
**NUMBER OF EMPLOYEES, MEMBERS**:
**TELEPHONE** (Include Area Code): (414) 571-8716

**STREET ADDRESS / CITY, STATE AND ZIP CODE**: 5023 S. Howell Ave., Milwaukee, Wisconsin 53207
**COUNTY**: Milwaukee

**NAME**:
**TELEPHONE NUMBER** (Include Area Code):

**STREET ADDRESS / CITY, STATE AND ZIP CODE**:
**COUNTY**:

**CAUSE OF DISCRIMINATION BASED ON** (Check appropriate box(es))

[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] AGE
[X] RETALIATION  [ ] NATIONAL ORIGIN  [X] DISABILITY  [X] OTHER (Specify) Hostile Environment

**DATE DISCRIMINATION TOOK PLACE**
EARLIEST (ADEA/EPA): 2/13/2017
LATEST (ALL): 10/4/2017
[ ] CONTINUING ACTION

**THE PARTICULARS ARE** (If additional paper is needed, attach extra sheet(s)):

I was hired by the Respondent in September of 2014. My most recent position was a Driver. I have requested an accommodation based on my disability (heart condition) and the respondent has refused to grant that accommodation and forced me to drive in access of the Doctor's request. I have also been retaliated against because of my requests for an accommodation, and I was terminated on October 4, 2017.

I believe that I have been discriminated and retaliated against in violation of the Americans with Disabilities Act of 1980 as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their proceedures.

I delcare under penalty of perjury that the foregoing is true and correct.

[signature]
10-17-17
Date — Charging Party (Signature)

NOTARY - (When necessary for State and Local Requirements).

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year)

EEOC FORM 5 (Test 10/94)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **RICHARD W. HILDEBRANDT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 18-CV-3130** |
| ) | **The Honorable John Robert Blakey** |
| **PREMIUM TRANSPORTATION** ) | |
| **GROUP, INC., TAYLOR MADE** ) | |
| **EXPRESS, INC., and DIVERSIFIED** ) | |
| **RESOURCE MANAGEMENT, INC.** ) | |
| ) | |
| **Defendants.** ) | |

**<u>AMENDED COMPLAINT</u>**

# EXHIBIT D

13

EEOC Form 161 (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Richard W. Hildebrandt | From: | Milwaukee Area Office<br>310 West Wisconsin Ave<br>Suite 500<br>Milwaukee, WI 53203 |
|---|---|---|---|

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 443-2017-01279 | Drake C. Van Thiel,<br>Investigator | (414) 297-1121 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Julianne Bowman* (signature)     JAN 3 1 2018

Julianne Bowman,<br>District Director     *(Date Mailed)*

Enclosures(s)

cc:
LuAnn K. Doyte<br>
Safety Director<br>
Taylor Made Express<br>
6023 S Howell Avenue<br>
Milwaukee, WI 53207

Michael T. Smith<br>
Law offices of Michael T. Smith & Associates<br>
10 N. Martindale Road, Ste 400<br>
Schaumburg, IL 60173