# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **RICHARD W. HILDEBRANDT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 18-cv-03130 |
| | ) |
| **PREMIUM TRANSPORTATION GROUP,** | ) Hon. Judge John Robert Blakey |
| **INC., TAYLOR MADE EXPRESS, INC., and** | ) |
| **DIVERSIFIED RESOURCE MANAGEMENT,** | ) |
| **INC. (Jointly and Severally),** | ) |
| | ) |
| **Defendants.** | ) |

## DEFENDANTS PREMIUM TRANSPORTATION GROUP, INC.'S AND DIVERSIFIED RESOURCE MANAGEMENT, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE AMENDED COMPLAINT

Defendants Premium Transportation Group, Inc. ("PTGI") and Diversified Resource Management, Inc. ("DRMI"), by its attorneys, Ulmer & Berne LLP, admit, deny, and allege as follows:

### JURISDICTION AND VENUE

1. Plaintiff brings this action for under the Americans with Disabilities Act, 42 U.S.C. 12101 et seq. ("ADA"), for Defendants discriminating against him on the basis of his disability, failing to provide him with reasonable disability accommodations, and retaliating against him for retaliating against him for requesting accommodations; and under Illinois common law for terminating Plaintiff in retaliation for exercising his rights under the Illinois Workers' Compensation Act ("IWCA").

**ANSWER:** Defendants PTGI and DRMI admit that Plaintiff alleges bringing this action under the cited statute and common law and deny the remaining allegations of Paragraph 1.

2. Jurisdiction of this action is conferred upon the Court by 42 U.S.C. 12117(a) and 28 U.S.C. §§ 1331, 1343. This Court has supplemental jurisdiction over Plaintiff's Illinois Common Law Retaliatory Discharge claim pursuant to 28 U.S.C. §§ 1332 and 1367.

**ANSWER:** Defendants PTGI and DRMI admit that this Court has jurisdiction over the cited statutory claims and lack knowledge and information sufficient to form a belief about the truth of the remaining allegations in Paragraph 2 and therefore, deny them.

3. Venue for this action is proper in the United States District Court for the Northern District of Illinois, Eastern Division, under 28 U.S.C. § 1391(b)(1)-(2) and (d) because the employment practices hereafter alleged to be unlawful were committed in the Northern District of Illinois and because Defendant's contacts are sufficient to subject it to personal jurisdiction in that district.

**ANSWER:** Defendants PTGI and DRMI lack knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 3 and therefore, deny them.

## PARTIES

4. Plaintiff is former employee (truck driver) of Defendants and a resident of Waucanda in Lake County, Illinois.

**ANSWER:** Defendant PTGI denies Plaintiff was ever its employee. Defendant DRMI admits that it employed Plaintiff. Defendants PTGI and DRMI lack knowledge and information sufficient to form a belief about the truth of the remaining allegations in Paragraph 4 and therefore, deny them.

5. PTG is a foreign corporation doing business in Illinois and organized under the laws of the State of Ohio.

**ANSWER:** Defendants PTGI and DRMI admit the allegations of Paragraph 5.

6. On its website, PTG proclaims itself to be "highly specialized experts in driver and logistics staffing with nearly three decades of experience in the staffing industry" that has "7,500 employees in over 40 states".

**ANSWER:** Defendants PTGI and DRMI admit the allegations of Paragraph 6.

7. Plaintiff currently has an Illinois workers' compensation claim pending against PTG relating to his employment with Defendants. PTG employees have been corresponding with Plaintiff's workers' compensation attorney regarding that claim and have not alleged that Plaintiff is not employed by PTG.

**ANSWER:** Defendants PTGI and DRMI deny the allegations of Paragraph 7.

8. DRM is a foreign corporation doing business in Illinois and organized under the laws of the State of Ohio.

**ANSWER:** Defendants PTGI and DRMI admit the allegations of Paragraph 8.

9. DRM does the "payroll" for PTG employees that are "leased" or "assigned" to other companies. Plaintiff's W-2's list DRM as the employer.

**ANSWER:** Defendants PTGI and DRMI admit that Plaintiff's W-2 states that DRM was Plaintiff's employer and deny the remaining allegations of Paragraph 9.

10. DRM permanently assigned Plaintiff to work at TME.

**ANSWER:** Defendant DRMI denies the allegations of Paragraph 10. Defendant PTGI lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 10 and therefore, deny them.

11. TME is a foreign corporation doing business in Illinois and organized under the laws of the State of Wisconsin.

**ANSWER:** Defendants PTGI and DRMI lack knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 11 and therefore, deny them.

12. All of Plaintiff's supervisors and other individuals who had human resources responsibilities over him, such as Mike Salas and Luann Doyle, hold themselves out to be employed by TME in email signatures and are listed as individuals with positions on TME's website.

**ANSWER:** Defendants PTGI and DRMI lack knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 12 and therefore, deny them.

13. At all times relevant to the allegations herein, all Defendants were an "employer" as that term is defined under the Americans with Disabilities Act, 42 U.S.C. § 12111(5).

**ANSWER:** Paragraph 13 sets forth a statement of law to which no answer is required. To the extent an answer is required, Defendants PTGI and DRMI deny the allegations of Paragraph 13.

14. At all times relevant to the allegations herein, Plaintiff was an "employee" as that term is defined under the Americans with Disabilities Act, 42 U.S.C. § 12111(4).

**ANSWER:** Paragraph 14 sets forth a statement of law to which no answer is required. To the extent an answer is required, Defendants PTGI and DRMI admit the allegations of Paragraph 14.

15. Plaintiff filed charges against Defendant with the Equal Employment Opportunity Commission (Charge 443-2017-01211 attached as "Exhibit A"; Charge 440-2017-04160 attached

as "Exhibit C") and thereafter was sent notices of his right to sue (attached hereto as "Exhibit B", "Exhibit D") in relation to those charges. Thereafter, Plaintiff timely filed a complaint in the United States District Court for the Northern District of Illinois.

**ANSWER:** Defendant PTGI admits that Plaintiff filed an EEOC Charge of Discrimination as shown in Ex. A of the Amended Complaint and was thereafter sent a Notice of Rights as shown in Ex. C of the Amended Complaint. Defendant PTGI lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations of Paragraph 15 and therefore, denies them. Defendant DRMI lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 15 and therefore, deny them.

## FACTUAL ALLEGATIONS

16. Plaintiff has been diagnosed with a heart condition requiring coronary by-pass surgery in April of 2014. In February of 2017, Plaintiff injured himself requiring surgery in his knee and shoulder. These conditions substantially limit one of more of Plaintiff's daily life activities.

**ANSWER:** Defendants PTGI and DRMI lack knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 16 and therefore, deny them.

17. Plaintiff was hired by TME Vice President Mike Salas in September of 2014, shortly after recovering from his heart surgery.

**ANSWER:** Defendants PTGI and DRMI lack knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 17 and therefore, deny them.

18. At the time of his hire, Plaintiff discussed with Mr. Salas his heart condition and recent surgery and advised that he could not work extremely long hours. Mr. Salas assured Plaintiff that he would, at most, have to work from 6 AM to 6 PM.

**ANSWER:** Defendants PTGI and DRMI lack knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 18 and therefore, deny them.

19. Thereafter, Plaintiff was repeatedly forced to work more than 12 hours and Plaintiff repeatedly complained to TME supervisors/dispatchers/managers and requested that he not work more than 12 hours because of his heart condition.

**ANSWER:** Defendants PTGI and DRMI lack knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 19 and therefore, deny them.

20. Plaintiff provided a doctor's note from his cardiologist, dated September 23, 2016, to TME dispatcher Kristi Medoc stating that he was restricted from working more than 12 hours.

**ANSWER:** Defendants PTGI and DRMI lack knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 20 and therefore, deny them.

21. TME Safety Director Luann Doyle also verbally confirmed over the phone to Plaintiff that she received the doctor's note.

**ANSWER:** Defendants PTGI and DRMI lack knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 21 and therefore, deny them.

22. Thereafter, Plaintiff was repeatedly forced to work more than 12 hours causing him severe mental and physical stress and Plaintiff repeatedly complained about the same.

**ANSWER:** Defendants PTGI and DRMI lack knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 22 and therefore, deny them.

23. On Feb. 13, 2017, TME dispatcher forced Plaintiff to work 16 1/2 hours, (1/2 hour over DOT rules). The last stop on this run was closed and because Plaintiff was not able to deliver the final load, he had to disconnect from the trailer so another driver could pick it up in the morning.

**ANSWER:** Defendants PTGI and DRMI lack knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 23 and therefore, deny them.

24. As Plaintiff was dropping the trailer, he stepped on a large rock behind the trailer, injuring his right knee and left shoulder requiring two surgeries. Plaintiff alleges that his injuries were due to mental and physical stress and fatigue caused by Defendant's failure to grant his requests for accommodation.

**ANSWER:** Defendants PTGI and DRMI lack knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 24 and therefore, deny them.

25. Plaintiff exercised his rights under the IWCA in relation to those injuries.

**ANSWER:** Defendants PTGI and DRMI admit that Plaintiff submitted claims for workers compensation in Illinois. Defendants PTGI and DRMI lack knowledge and information sufficient to form a belief about the truth of the remaining allegations in Paragraph 25 and therefore, deny them.

26. From February 13, 2017, through around September 1, 2017, Plaintiff could not work due to his injuries and to recover from his first (of two) surgeries.

**ANSWER:** Defendants PTGI and DRMI lack knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 26 and therefore, deny them.

27. Before returning to work, Plaintiff requested additional accommodations in the form of work restrictions provided by his orthopedic surgeon.

**ANSWER:** Defendants PTGI and DRMI admit that Plaintiff submitted notes allegedly from his doctor regarding certain restrictions. Defendants PTGI and DRMI deny the remaining allegations of Paragraph 27.

28. Plaintiff returned to work on or around September 1, 2017, but Defendant provided Plaintiff with light duty assignments that did not abide by his doctor's restrictions.

**ANSWER:** Defendants PTGI and DRMI deny the allegations of Paragraph 28.

29. On one day sometime between late September and early October, after Plaintiff complained that his work assignment was not abiding by his doctor's restrictions, he was told to go home by TME personnel because Defendants could not accommodate his restrictions.

**ANSWER:** Defendants PTGI and DRMI deny the allegations of Paragraph 29.

30. Attorneys representing Defendants (although it is unclear exactly which of the Defendants) sent a letter dated October 16, 2017, to Plaintiff's workers' compensation attorneys advising that Plaintiff had been terminated.

**ANSWER:** Defendants PTGI and DRMI deny the allegations of Paragraph 30.

31. Plaintiff had his second surgery in October of 2017. After Plaintiff was released to return to work without restrictions by his doctor, he emailed TME Safety Director Luann Doyle for good measure on March 22, 2018, to advise that he had been released to return to work without restrictions and asked what he needs to do to return to work. Defendants never returned Plaintiff's email.

**ANSWER:** Defendants PTGI and DRMI lack knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 31 and therefore, deny them.

## COUNT I
## (ADA DISCRIMINATION)

32. Plaintiff re-alleges paragraphs 1 through 31 and incorporates them as if fully set forth herein.

**ANSWER:** Defendants PTGI and DRMI incorporate by reference each and every one of their answers to paragraphs 1 through 31 as their answer for Paragraph 32.

33. Title I of the Americans With Disabilities Act makes it unlawful for an employer to discriminate against an employee on the basis of his or her disability, because of a record of disability, or because the employer regards the employee as suffering from a disability.

**ANSWER:** Paragraph 33 sets forth a statement of law to which no answer is required. To the extent an answer is required, Defendants PTGI and DRMI deny the allegations of Paragraph 33.

34. Defendants were aware of Plaintiff's disabilities.

**ANSWER:** Defendants PTGI and DRMI deny the allegations of Paragraph 34.

35. By its conduct as alleged herein, Defendants discriminated against Plaintiff on the basis of his disability when they terminated him from employment.

**ANSWER:** Defendants PTGI and DRMI deny the allegations of Paragraph 35.

36. Defendants' conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible disability discrimination.

**ANSWER:** Defendants PTGI and DRMI deny the allegations of Paragraph 36.

# COUNT II
## (ADA - FAILURE TO ACCOMMODATE)

37. Plaintiff realleges allegations 1-31 above with the same force and effect as if more fully set forth herein.

**ANSWER:** Defendants PTGI and DRMI incorporate by reference each and every one of their answers to paragraphs 1 through 31 as their answer for Paragraph 37.

38. Plaintiff is a qualified individual with a disability in that he could perform the essential functions of his job with/without an accommodation.

**ANSWER:** Paragraph 38 sets forth a statement of law to which no answer is required. To the extent an answer is required, Defendants PTGI and DRMI deny the allegations of Paragraph 38.

39. The ADA requires employers to make reasonable disability accommodations to qualified individuals with a disability that do not create an undue hardship for the employer.

**ANSWER:** Paragraph 39 sets forth a statement of law to which no answer is required. To the extent an answer is required, Defendants PTGI and DRMI deny the allegations of Paragraph 39.

40. Plaintiff requested accommodations as outlined above.

**ANSWER:** Defendants PTGI and DRMI deny the allegations of Paragraph 40.

41. Defendants denied Plaintiff's requests for accommodations without cause or justification and failed to engage him in an interactive process to determine what, if any, alternative accommodation could be provided to him.

**ANSWER:** Defendants PTGI and DRMI deny the allegations of Paragraph 41.

42. As a result of Defendants' actions, Plaintiff has suffered aggravation of his medical condition and had to endure considerable pain, suffering, anxiety, and emotional distress, as well as other economic damages.

**ANSWER:** Defendants PTGI and DRMI deny the allegations of Paragraph 42.

43. Defendants' conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's rights.

**ANSWER:** Defendants PTGI and DRMI deny the allegations of Paragraph 43.

## COUNT III
## (ADA - RETALIATION)

44. Plaintiff realleges allegations 1-31 above with the same force and effect as if more fully set forth herein.

**ANSWER:** Defendants PTGI and DRMI incorporate by reference each and every one of their answers to paragraphs 1 through 31 as their answer for Paragraph 44.

45. Plaintiff is a qualified individual with a disability in that he could perform the essential functions of his job with/without an accommodation.

**ANSWER:** Paragraph 45 sets forth a statement of law to which no answer is required. To the extent an answer is required, Defendants PTGI and DRMI deny the allegations of Paragraph 45.

46. The ADA protects individuals from retaliation for asserting their rights under the ADA or complaining of disability discrimination.

**ANSWER:** Paragraph 46 sets forth a statement of law to which no answer is required. To the extent an answer is required, Defendants PTGI and DRMI deny the allegations of Paragraph 46.

47. Plaintiff engaged in protected activity when he repeatedly requested the disability accommodations outlined above and repeatedly complained that they were not being granted.

**ANSWER:** Paragraph 47 sets forth a statement of law to which no answer is required. To the extent an answer is required, Defendants PTGI and DRMI deny the allegations of Paragraph 47.

48. By its conduct as alleged herein, Defendants retaliated against Plaintiff for having requested ADA accommodations when they terminated his employment.

**ANSWER:** Defendants PTGI and DRMI deny the allegations of Paragraph 48.

49. Defendants' conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible retaliation.

**ANSWER:** Defendants PTGI and DRMI deny the allegations of Paragraph 49.

### COUNT IV
### (ILLINOIS COMMON LAW RETALIATORY DISCHARGE)

50. Plaintiff pleads this count in the alternative.

**ANSWER:** Paragraph 50 sets forth a statement of law to which no answer is required. To the extent an answer is required, Defendants PTGI and DRMI deny the allegations of Paragraph 50.

51. Plaintiff realleges allegations 1-12, 17, 23-26, and 28-31 with the same force and effect as if more fully set forth herein.

**ANSWER:** Defendants PTGI and DRMI incorporate by reference each and every one of their answers to paragraphs 1 through 12, 17, 23 through 26, and 28 through 31 as their answer for Paragraph 51.

52. The Illinois Supreme Court recognized a limited exception to the at-will employment rule in Kelsay v. Motorola, Inc., 74 Ill. 2d 172 (1978), when it determined that a plaintiff who was terminated for pursuing compensation under the Workers' Compensation Act (the "WCA"), 820 ILCS 305/1 et seq., could bring an action for retaliatory discharge against the former employer.

**ANSWER:** Paragraph 52 sets forth a statement of law to which no answer is required. To the extent an answer is required, Defendants PTGI and DRMI deny the allegations of Paragraph 52.

53. By the conduct alleged herein, Defendants retaliated against Plaintiff for exercising his rights under the IWCA by terminating his employment and not allowing him to return to work.

**ANSWER:** Defendants PTGI and DRMI deny the allegations of Paragraph 53.

54. Defendants' conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible retaliation.

**ANSWER:** Defendants PTGI and DRMI deny the allegations of Paragraph 54.

## AFFIRMATIVE DEFENSES

**In addition to the above denials, PTGI and DRMI state as follows:**

### FIRST AFFIRMATIVE DEFENSE

1. Defendants PTGI and DRMI state that the Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

2. Defendant DRMI states that Plaintiff failed to exhaust the administrative requirement to file a Charge of Discrimination with the EEOC.

## THIRD AFFIRMATIVE DEFENSE

3. Defendant DRMI states that Plaintiff did not receive a Right to Sue letter from the EEOC.

## FOURTH AFFIRMATIVE DEFENSE

4. Defendant PTGI states that it never employed Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

5. Defendants PTGI and DRMI state that Plaintiff's Complaint was not timely filed under the Americans with Disabilities Act.

**WHEREFORE**, Defendants PTGI and DRMI request that this Court dismiss all claims asserted against them in the Amended Complaint with prejudice and award PTGI and DRMI their attorneys' fees and costs in defense of this matter, and for such further relief as may be appropriate.

DATED: August 1, 2018

Respectfully submitted,

**PREMIUM TRANSPORTATION GROUP, INC. and DIVERSIFIED RESOURCE MANAGEMENT, INC.**

By: */s/ Ronald S. Betman*

Ronald S. Betman (#6193103)
ULMER & BERNE LLP
500 West Madison Street, Suite 3600
Chicago, Illinois 60661-4587
Telephone: (312) 658-6500
Facsimile: (312) 658-6501
rbetman@ulmer.com

-and-

Mark D. Katz (*pro hac vice*)
ULMER & BERNE LLP
1660 West 2nd Street, Suite 1100
Cleveland, Ohio 44113-1406
Telephone: (216) 583-7134
Facsimile: (216) 583-7135
mkatz@ulmer.com

*Attorneys for Defendants Premium Transportation Group, Inc. and Diversified Resource Management, Inc.*

# CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on August 1, 2018, a true and correct copy of the foregoing **DEFENDANTS PREMIUM TRANSPORTATION GROUP, INC.'S AND DIVERSIFIED RESOURCE MANAGEMENT, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE AMENDED COMPLAINT** was electronically filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the Court's CM/ECF System, which shall send notification of such filing to all counsel of record.

*/s/ Ronald S. Betman*

Ronald S. Betman (#6193103)
ULMER & BERNE LLP
500 West Madison Street, Suite 3600
Chicago, Illinois 60661-4587
Telephone: (312) 658-6500
Facsimile: (312) 658-6501
rbetman@ulmer.com

*Attorneys for Defendants Premium Transportation Group, Inc. and Diversified Resource Management, Inc.*